UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------

SHLOMO OVED on behalf of himself and
all other similarly situated consumers

Plaintiff,

-against-

KIRSCHENBAUM & PHILLIPS P.C.

Defendant.

--------------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   APR 3 0 2012   ★

LONG ISLAND OFFICE

**CV 12 2121**

**GLEESON, J**

**AZRACK, M. P**

**SUMMONS ISSUED** CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Shlomo Oved seeks redress for the illegal practices of Kirschenbaum & Phillips

P.C. concerning the collection of debts, in violation of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") .

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

that the alleged debt that defendant sought to collect from plaintiff a consumer debt.

4.    Upon information and belief, defendant's principal place of business is located in

Farmingdale, New York .

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

consumers.

-1-

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
      1692(a)(6).

### *Jurisdiction and Venue*

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
      1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
      transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Shlomo Oved*

9.    Upon information and belief, on a date better known by defendant, defendant began to
      attempt to collect an alleged consumer debt from the plaintiff.

10.   Within the one year immediately preceding this action, the defendant left many
      messages on the plaintiff's answering machine.

11.   On or about February 7, 2012 defendant sent collection letters communicating to the
      least sophisticated consumer that the communication came from a law firm in a practical
      sense violating Section 1692e(3).

12.   The FDCPA prohibits the use of any "false, deceptive, or misleading representation or
      means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a
      non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription,
      including "the false representation or implication that [a] communication is from an
      attorney." Id. § 1692e(3).

The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993) See, e..g, Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.); See Also. Suquilanda v. Cohen & Slamowitz LLP ., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ( "Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)"

The Second Circuit confronted similar facts in Clomon. There, the attorney defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the defendant attorney's signature, violated Section 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

13.     On or about February 7, 2012 Defendant printed and mailed, or caused to be printed and

mailed, letter to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendants and which Defendants acquired after such obligation or alleged obligation was charged-off or was in default. A true and correct copy of Defendant's communications is attached hereto.

14.    Defendant, as a matter of pattern and practice, mail letters, or cause the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

15.    Defendant mails, or causes the mailing of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

16.    The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

17.    The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3).

The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993) See, e..g, Taylor v.

-4-

Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.); See Also. Suquilanda v. Cohen & Slamowitz LLP ., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ( "Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)"

18.     The Second Circuit confronted similar facts in Clomon. There, the attorney defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the defendant attorney's signature, violated Section 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

19.     Although Kirschenbaum & Phillips P.C. may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said letters. The inclusion of "Law Offices" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

20.    If Kirschenbaum & Phillips P.C. desires to take advantage of the additional collection

leverage provided by the use of a law firm's name in connection with purely debt-

collection related activities, it is free to do so under the law of the Second Circuit so long

as its each and every one of its standardized communications including letters and voice

mail messages do not give the least sophisticated consumer the impression that the

communications are from an attorney or law firm in the practical sense. See e.g. Clomon

v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993). See e.g Gonzalez v. Kay, 577 F.3d 600

(5th Cir. 2009). "Debt collectors acting solely as debt collectors must not send the

message that a lawyer is involved, because this deceptively sends the message that the

'price of poker has gone up." See also. Sparkman v. Zwicker & Assocs., P.C., 374 F.

Supp. 2d 293 (E.D.N.Y.2005). The court found that the collector's letter with text on the

front and back regarding attorney involvement was confusing to the least sophisticated

consumer and violated § 1692e.

See, e..g Suquilanda v. Cohen & Slamowitz, LLP  No. 1:10-cv-05868 (S.D.N.Y. SEP

08, 2011) " Absent any disclaimer and without an attorney conducting any meaningful

review ,Using a "Law Office" Letterhead States a Claim for Relief under Section

1692e(3)"


## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself
and the members of a class, as against the defendant.*

21.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs 1-20 as if set forth fully in this cause of action.

22.    This cause of action is brought on behalf of plaintiff and the members of a class.

23.    The class consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the collection letter(s) was sent to a consumer seeking payment of a consumer debt; and (c) that the collection letter(s) used an attorney letter head which represented that the letter was sent from a law firm in a practical sense (d) the letter was sent concerning the seeking payment of an alleged debt and was not returned or undelivered by the post office; and (e) that the message contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

24.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

25.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26.     If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27.     Collection letters, such as those sent by the are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## *Violations of the Fair Debt Collection Practices Act*

28.    The defendant's actions as set forth above in the within complaint violates the Fair Debt

Collection Practices Act.

29.    Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff

and the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against

the defendant and award damages as follows:

　　　　(a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C.

　　　　　　　1692(k);

　　　　(b)    Attorney fees, litigation expenses and costs incurred in bringing this

　　　　　　　action; and

　　　　(c)    Any other relief that this Court deems appropriate and just under the

　　　　　　　circumstances.

Dated: Cedarhurst, New York
　　　April 26, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508).